IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| MICHAEL CHAD BLACK, *on behalf of himself and others similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>ADT SOLAR LLC, *doing business as:* SUNPRO,<br><br>Defendant. | No.  1:25-cv-02019<br><br>CLASS ACTION COMPLAINT<br><br><u>JURY TRIAL DEMANDED</u> |

Plaintiff Michael Chad Black ("Plaintiff") (hereinafter referred to as "Plaintiff"), individually and on behalf of all others similarly situated, alleges on personal knowledge, investigation of his counsel, and on information and belief, as follows:

## **<u>INTRODUCTION</u>**

1. This case involves a campaign by ADT Solar LLC, which does business as Sunpro ("Sunpro") who made telemarketing calls to market their solar services by contacting numbers on the National Do Not Call Registry in plain violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*. (hereinafter referred to as the "TCPA").

2. The recipients of Sunpro's illegal calls, which include Plaintiff and the proposed class, are entitled to damages under the TCPA, and because the technology used makes calls *en masse*, the appropriate vehicle for their recovery is a class action lawsuit.

## **<u>PARTIES</u>**

3. Plaintiff is an individual located in this District.

4. Defendant ADT Solar LLC is a limited liability company.

## JURISDICTION AND VENUE

5. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227 *et seq*.

6. This Court has specific jurisdiction over Sunpro because the company made its telemarketing calls into this District.

7. Venue is proper pursuant to 28 U.S.C. § 1391 because the telephone calls at issue were sent into this District.

## TCPA BACKGROUND

### The National Do Not Call Registry

8. The TCPA prohibits making multiple telemarketing calls to a residential telephone number that has previously been registered on the National Do Not Call Registry. See 47 U.S.C. § 227(c)(5).

9. The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. See 47 C.F.R. § 64.1200(c)(2).

10. A listing on the National Do Not Call Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id.*

## FACTUAL ALLEGATIONS

11. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

12. Plaintiff's telephone number is (512) 925-XXXX.

13. Plaintiff and his family members, including his minor daughter, use this telephone number for personal, residential and household purposes.

14. Plaintiff's telephone number is not associated with any business, nor does Plaintiff use this telephone number for business purposes.

15. Plaintiff personally listed this telephone number on the National Do Not Call Registry on July, 1, 2021.

16. Plaintiff has never been a customer of Defendant and never consented to receive calls or text messages from Defendant.

17. Plaintiff's minor daughter has never been a customer of Defendant and never consented to receive calls or text messages from Defendant.

18. Despite this, Plaintiff and his minor daughter received multiple calls from Defendant between January 18, 2022 and January 24, 2022 soliciting Defendant's solar energy services.

19. On January 18, 2022, Plaintiff and his minor daughter received four calls from Defendant who used four different telephone numbers: (512) 277-3729, (512) 767-1411, (512) 566-4163, and (512) 566-3590.

20. The calls were "spoofed" to appear as though they originated from phone number from Plaintiff's geographic location. "Spoofing" is a technique used to conceal the true identity of the caller and unlawful nature of the call. Spoofed calls frequently display the same area code as the call recipient to deceive individuals into believing the call is legitimate or from someone they recognize, thereby increasing the likelihood that the call will be answered

21. Plaintiff and his minor daughter were not interested in Defendant's services.

22. Despite this, Defendant continued to solicit Plaintiff and his minor daughter on Plaintiff's telephone, including on at least the following dates and times:

- January 19, 2022, at 8:42 a.m. from (512) 813-0116
- January 19, 2022, at 11:12 a.m. from (512) 767-1411
- January 19, 2022, at 1:44 p.m. from (512) 795-1873
- January 19, 2022, at 3:33 p.m. from (512) 566-4163
- January 19, 2022, at 5:19 p.m. from (512) 277-3732
- January 19, 2022, at 7:05 p.m. from (512) 795-1873
- January 24, 2022, at 9:48 a.m. from (737) 282-3085
- January 24, 2022, at 11:51 a.m. from (737) 282-3078

23. Again, Plaintiff and his minor daughter were not interested in Defendant's services.

\\
\\
\\
\\
\\
\\
\\
\\
\\
\\

24. Despite this, Plaintiff and his minor daughter received a text message from Defendant on January 24, 2022, at 11:52 a.m. from telephone number (512) 541-4067. A screenshot of the text message is below:



25. As reflected in the screenshot above, the text message was sent to promote Defendant's solar energy related products and services.

26. Plaintiff and his minor daughter were not interested in Defendant's products or services.

27. However, on January 24, 2022, Plaintiff and his minor daughter received three additional phone calls at 2:07 p.m., 4:38 p.m., and 6:32 p.m. from telephone number (737) 276-5515; (737) 201-2852; and (737) 276-5151.

28. Plaintiff and other individuals who received Defendant's telemarketing suffered an invasion of privacy and were harassed by the conduct of Defendant.

## CLASS ACTION ALLEGATIONS

29. Plaintiff brings this action on behalf of himself and the following class (the "Class") pursuant to Federal Rule of Civil Procedure 23.

> **Telephone Consumer Protection Act Do Not Call Registry Class:** All persons in the United States whose (1) telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) but who received more than one telemarketing calls from or on behalf of Defendant (3) within a 12-month period (4) from the four years prior to the filing of the complaint through the date of trial.

30. Defendant and its employees or agents are excluded from the Class. Plaintiff reserves the right to modify or amend the Class definition, as appropriate, during the course of this litigation.

31. Plaintiff brings all claims in this action individually and on behalf of Class Members against Defendant.

### Numerosity

32. Members of the Class are so numerous that their individual joinder is impracticable.

33. On information and belief, based on the technology used to call Plaintiff, which is used to make calls *en masse*, Members of the Class number in the thousands.

34. The precise number of Class Members and their identities are unknown to Plaintiff at this time but may be determined through discovery.

35. Class Members may be notified of the pendency of this action by mail and/or publication through the distribution records of Defendant.

### Commonality

36. Common questions of law and fact exist as to all Class Members and predominate over questions affecting only individual Class Members.

37. Common legal and factual questions include, but are not limited to, whether Defendant have violated the Telephone Consumer Protection Act (2) and whether Class Members are entitled to actual and/or statutory damages for the aforementioned violations.

### Typicality

38. The claims of the named Plaintiff are typical of the claims of the Class because the named Plaintiff, like all other Class Members, received unsolicited telephonic sales calls from the Defendant without giving them his consent to receive such calls.

### Adequacy of Representation

39. Plaintiff is an adequate representative of the Class because his interests do not conflict with the interests of the Class Members he seeks to represent, he has retained competent counsel experienced in prosecuting class actions, and he intends to prosecute this action vigorously.

40. The interests of Class Members will be fairly and adequately protected by Plaintiff and his counsel.

### Superiority

41. The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of Class Members.

42. Many of the Class Members likely lack the ability and/or resources to undertake the burden and expense of individually prosecuting what may be a complex and extensive action to establish Defendant's liability.

43. Individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system. This strain on the parties and the judicial system would be heightened in this case, given the complex legal and factual issues at play.

44. Individualized litigation also presents a potential for inconsistent or contradictory judgments.

45. In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court on the issue of Defendant's liability.

46. Class treatment of the liability issues will ensure that all claims and claimants are before this Court for consistent adjudication of the liability issues.

### COUNT I
### Telephone Consumer Protection Act
### (Violations of 47 U.S.C. § 227)
### (On Behalf of Plaintiff and the National Do Not Call Registry Class)

47. Plaintiff repeats and incorporates the allegations set forth in paragraphs 1 through 46 as if fully set forth herein.

48. The foregoing acts and omissions of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple

violations of the TCPA, 47 U.S.C. § 227, by making telemarketing calls, except for emergency purposes, to the Plaintiff and the Class despite their numbers being on the National Do Not Call Registry.

49. The Defendant's violations were negligent, willful, or knowing.

50. As a result of Defendant's and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the Class presumptively are entitled to an award of between $500 and $1,500 in damages for each and every call made.

51. Plaintiff and members of the Class are also entitled to and do seek injunctive relief prohibiting Defendant from making telemarketing calls to numbers on the National Do Not Call Registry, except for emergency purposes, in the future.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

A. Injunctive relief prohibiting Defendant from calling telephone numbers advertising their goods or services, except for emergency purposes, to numbers on the National Do Not Call Registry in the future;

B. That the Court enter a judgment awarding Plaintiff and all class members statutory damages of $500 for each violation of the TCPA or FTSA and $1,500 for each knowing or willful violation; and

C. An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing an appropriate Class the Court deems appropriate, finding

that Plaintiff is a proper representative of the Class, and appointing the lawyers and law firms representing Plaintiff as counsel for the Class;

D. Such other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff requests a jury trial as to all claims of the complaint so triable.

Date: December 9, 2025

*/s/ Raina C. Borrelli*
Raina C. Borrelli
Carly M. Roman *(pro hac vice forthcoming)*
**STRAUSS BORRELLI PLLC**
980 N Michigan Avenue, Suite 1610
Chicago, IL 60611
Telephone: (872) 263-1100
Facsimile: (872) 263-1109
raina@straussborrelli.com
croman@straussborrelli.com